# CIRCUIT COURT OF BALTIMORE CITY

Filed October 1, 1893.

See Appeals, 77 Md. 202-A.

## THE CENTRAL TRUST COMPANY OF NEW YORK

### VS.

## THE MARYLAND ICE COMPANY.

*Barton & Wilmer* for Maryland Ice Company.

*Thomas M. Lanahan* and *Frank Gosnell* for Arctic Ice Company.

WICKES, J.—

This case is before us for the second time, for the purpose of ascertaining the amount of damage the company defendant is entitled to recoup from the balance due the Arctic Ice Company, because of the failure of the Arctic Company to erect the machines in controversy according to the provisions of the contract between them.

The damages claimed are twofold: First, for the failure to erect the machines within the time specified in the contract, and second, for defects in

construction, workmanship and material.

The Court of Appeals having affirmed the judgment of this Court upon the principal question involved, to wit: that the lien of the manufacturing company on the ice machines was superior to the lien of the mortgage represented by the Central Trust Company, has laid down the rules of law which are to govern us in ascertaining these damages. They are: First, "the fair *rental value* of machines of the like capacity and character for the period during which the vendor has been in default"; and, second, "the cost of repairing or replacing the machinery so as to make it what it should have been under the contract."

There would be but little difficulty in approximating, at least, the amount of damage for each specified head of the contract, but for the very earnest and able contention of the learned counsel who appeared in behalf of the Maryland Ice Company, that in some way or in some form the enormous profits which it is supposed that company would have made during the summer of 1890, must enter into the compensation. Their authorities have been carefully examined, and their reasoning and testimony carefully considered, but I am wholly unable to discover in either a single new principle or a single new fact which was not presented to the Appellate Court and passed upon in the opinion which came back to us. Said the learned judge who delivered the opinion of the court, "*estimated profits* which, it is conjectured, might have been made out of the business, *constitute no part of such rental value,* and are too speculative and contingent to form a basis for calculating damages."

How, then, is it possible to hold, in the fact of such unmistakable language. no matter what the rule may be elsewhere, that "profits" must be taken into account in arriving at a conclusion on this branch of the case.

The testimony of each and every witness examined on behalf of the Maryland Ice Company, when properly sifted, is substantially based upon estimated profits," and hence I am of opinion that it is not proper to be considered in ascertaining the rental value of machines during the period in question.

But there is evidence before us of what percentage upon the cost of such machines constitutes a fair rental value for them. The Arctic Company has furnished as a guide, by producing a number of witnesses, familiar with the cost and construction of similar machines, and who have had experience in renting them, and the decided weight of the testimony is that about ten or twelve per cent. per annum upon the cost price, is a fair measure of their rental value. Taking the highest estimate, for one of the witnesses said fifteen per cent., and others included the value of shedding and other surroundings in the basis of their compensation, that is twelve per cent. upon the cost of these machines, it does no injustice to the Maryland Ice Company to adopt this as the measure of the rental value, they are entitled to deduct. But as there is evidence to show that the production of the machines was much larger during the summer months than in winter, but how much larger I am unable to ascertain, it is probably fair to give to the company defendant three-fifths of the entire rental value for the year, for the four and a third months covered by the delay of the Arctic Company in placing these machines. This calculated upon the cost of the machines will form the estimate of the rental value the company defendant is entitled to deduct.

It is contended that the entire amount of money invested in the buildings should also be taken into consideration, in arriving at the gross sum upon which this percentage is to be calculated. But I do not so understand the ruling of the Appellate Court. Had the Court intended that the cost of construction of the buildings should be added to the cost of the machines, and thus form a component part in fixing the basis for ascertaining the rental value, it could easily

have said so. But, instead, it has limited the inquiry to the "fair rental value of the machines of like character and capacity."

Turning now to the damages sustained by the defendant company, for defects in construction and material, the proof has not been satisfactory in regard to many of the items and hence a number have been rejected. The statement hereto appended which was made up by counsel, under the oral direction of the Court, when the arguments closes, is as nearly fair as it was possible to make it. Many of the smaller items were divided in a manner which met with the approval of counsel, while the larger items were allowed or disallowed for reasons stated at the time. The Ice manufactured during the period of delay less the cost of manufacturing it, is conceded to be the property of the Arctic Ice Company. There are other matters of detail into which it is scarcely necessary to enter here. They are perfectly understood by counsel, and if this case shall again be taken to the Court of Appeals can be readily explained to that tribunal.

The entire claim of the Arctic Ice Company, including interest to October 1st, 1893, is eighty-three thousand seven hundred and sixty-six dollars and sixty-six cents ........... $83,766.66

From this the Maryland Ice Company is entitled to recoup:

First, the balance as set forth in the statement hereto appended $1,517.50

Second, rental value ascertained as follows, 3-5 of 12 per cent. on the cost of the machines... $7,704.00
$9,221.50

Balance due Arctic Ice Company .............. $74,545.16

For which a decree will be signed.